IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Capus Fowler, | ) | C/A No. 3:10-3230-JFA-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections, | ) | |
| Defendant. | ) | |

The plaintiff, John Capus Fowler ("Fowler"), who was initially self-represented but is now represented by counsel, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., against the defendant, South Carolina Department of Corrections ("SCDC").[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss or, in the alternative, for judgment on the pleadings.  (ECF No. 40.)  SCDC asserts that all of Fowler's Title VII claims are barred either because Fowler failed to properly exhaust his administrative remedies or because they were untimely filed in federal court, or both.  Fowler filed a response in opposition (ECF No. 46), and the defendant replied (ECF No. 48).  Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**BACKGROUND**

The following undisputed facts are relevant to resolution of the defendant's motion.  Fowler is a former correctional officer at SCDC.  In 2009, Fowler filed three administrative charges of

---

[1] Fowler has expressly abandoned the state law breach of contract claim he asserted in his Amended Complaint.  (Pl.'s Mem. Opp'n Mot. Summ. J., ECF No. 46 at 4.)

discrimination with the Equal Employment Opportunity Commission ("EEOC"). The first charge, filed on January 29, 2009 ("Charge 1"), alleged race discrimination, a racially hostile work environment, and retaliation based on a reassignment to a less desirable shift. The second charge, filed on July 6, 2009 ("Charge 2"), asserted that the defendant retaliated against Fowler for filing Charge 1 by suspending him for two days, by temporarily withholding his paycheck, and by accusing him of policy violations. Finally, following the termination of his employment with SCDC, Fowler filed a third administrative charge ("Charge 3") dated October 10, 2009, alleging that he was terminated both based on his race and in retaliation for engaging in protected activity. The EEOC issued right-to-sue letters on Charges 1 and 3 on August 31, 2010. A right-to-sue letter pertaining to Charge 2 was issued on September 16, 2010. Fowler, then self-represented, commenced this action on December 17, 2010.

In his memorandum opposing the defendant's motion, Fowler acknowledges that his Complaint was filed outside the statutory ninety-day limitations period with regard to Charges 1 and 3. This concession effectively disposes of the claim based on alleged discriminatory discharge asserted in Charge 3 as well as the discrimination and retaliation claims grounded on Charge 1, which asserted that the defendant involuntarily reassigned him to a less desirable shift. Fowler argues, however, that two of his claims nonetheless remain viable.

The following chart summarizes the events described above and the status of Fowler's claims. The claims marked with an asterisk, which Fowler argues do not fail as a matter of law, are discussed below.

| Claim | EEOC Charge | Date Filed | Right-to-Sue Letter |
|---|---|---|---|
| Race Discrimination | Charge 1 | 1/29/2009 | 8/31/2010 |
| Retaliation | Charge 1 | 1/29/2009 | 8/31/2010 |
| *Hostile Work Environment | Charge 1 | 1/29/2009 | 8/31/2010 |
| Retaliation[2] | Charge 2 | 7/6/2009 | 9/16/2010 |
| Race Discrimination | Charge 3 | 10/10/2009 | 8/31/2010 |
| *Retaliation | Charge 3 | 10/10/2009 | 8/31/2010 |

## DISCUSSION

**A.  Motion to Dismiss/Judgment on the Pleadings**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed.  A motion for judgment on the pleadings

---

[2] A claim based on the events described in Charge 2 was not advanced in this litigation. See generally Am. Compl., ECF No. 37 at 8) (alleging:  (1) a retaliatory and racially hostile work environment; (2) discriminatory termination; and (3) retaliatory termination).



should be granted when viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009).

**B.    Procedural Requirements**

In the employment discrimination context, courts have interpreted statutory requirements to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)); Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). "A plaintiff's EEOC charge defines the scope of [his] subsequent right to institute a civil suit." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred).

The Fourth Circuit has emphasized:

> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation.
> 
> First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also



> prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning.
>
> Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citations omitted). Therefore, a discrimination suit "is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge." Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994) (Title VII). When a discrimination claim "exceed[s] the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (Title VII).

"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs. While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 594 (4th Cir. 2012). The United States Court of Appeals for the Fourth Circuit has recently discussed the parameters for when different unlawful employment practices are considered "reasonably related" to those raised in an administrative charge. For example, "where both the administrative complaint and formal litigation concerned 'discriminat[ion] in promotions' but involved different aspects of the 'promotional system,'" the charges are reasonably related and may be advanced in a subsequent civil suit. Id. (quoting Chisholm v.



U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir.1981)). Similarly, courts have permitted a claim raised in litigation that was not specifically described in the administrative charge to go forward "where both the EEOC charge and the [federal] complaint included claims of retaliation by the same actor, but involved different retaliatory conduct." Id. (citing Smith, 202 F.3d at 248). On the other hand, when the claim raised in the district court litigation involves a different *form* of unlawful employment practice than the one described in the administrative charge, courts have found the claim not to be administratively exhausted. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-301 (4th Cir. 2009) (finding that claims of age, sex, and race discrimination were not exhausted where a charge alleged only retaliation); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132-33 (4th Cir. 2002) (finding that claims of sex and color discrimination were not exhausted where a charge alleged only racial discrimination); Riley v. Tech. & Mgmt. Servs. Corp., Inc., 872 F. Supp. 1454, 1459-60 (D. Md. 1995) (finding that claims of sexual harassment and retaliation were not exhausted where a charge alleged only gender discrimination).

Additionally, Title VII provides a ninety-day limitations period within which to file suit after receiving a right-to-sue letter. See 42 U.S.C. § 2000e-5(e), (f). This limitations period has been strictly enforced in this circuit. See Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40 (4th Cir. 1993) (finding a complaint was time barred when filed five days too late); Harvey v. New Bern Police Dep't, 813 F.2d 652 (4th Cir. 1987) (finding a complaint was time barred when filed one day too late).

PJG

1. **Retaliatory Discharge**

Fowler argues that the retaliatory discharge claim presented in Charge 3 is not time barred because the law does not require him to administratively exhaust that claim, since it arose after the charge of retaliation that was asserted in Charge 2. The case upon which Fowler relies, Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992), however, does not avail him based on the sequence of events presented here. In Nealon, the Fourth Circuit held that a plaintiff asserting a Title VII claim of retaliation for filing a previous EEOC charge is not required to separately exhaust administrative remedies with regard to that retaliation claim. The holding is based in part on the reasoning that a plaintiff who has already been retaliated against for exercising his Title VII rights need not risk additional retaliation by filing a second administrative charge. Id. at 590. Thus, Nealon essentially created an exception to the general rule that all discrete acts of discrimination must be separately exhausted.

That exception does not apply, however, when the alleged retaliatory acts occurred *before* the plaintiff filed a charge of discrimination. See Wilson v. Dimario, No. 97-2252, 1998 WL 168346, at *2 (4th Cir. Mar. 31, 1998) (*per curiam*) (holding that the ruling in Nealon does not apply to an allegation of retaliation that occurred prior to the filing of an administrative charge). For example, courts have specifically held that when a claim of retaliation could have been raised in an earlier EEOC charge, such a claim must be administratively exhausted or it is procedurally barred. See Riley, 872 F. Supp. at 1459-60 (finding that where an act of retaliation occurred prior to the filing of the EEOC charge and the plaintiffs failed to allege retaliation, the retaliation claim was not administratively exhausted), aff'd, 79 F.3d 1141 (4th Cir. 1996); see also McMillan v. S.C. Dep't of Corr., 16 F. Supp. 2d 635, 646 (D.S.C. 1997) (holding that where a charging party could have

raised allegations of retaliation at the time she filed her charge, exhaustion of administrative remedies with respect to that charge is required), aff'd, 153 F.3d 721 (4th Cir. 1998). Thus, even if Fowler were otherwise not required to file an administrative charge to exhaust only *retaliatory* termination, case law suggests that he would nonetheless be required to include all acts allegedly violating federal anti-discrimination statutes that had occurred up to the time he filed Charge 3—including pre-Charge 3 incidents of retaliation—when he filed the charge asserting a claim of *discriminatory* termination. See Wilson, 1998 WL 168346, at *2. Stated another way, Nealon permits a federal court plaintiff to assert a retaliation claim which arose *after* the filing of an administrative charge without separately exhausting that post-charge retaliation claim. It does not appear to support, however, the proposition that a claim asserting retaliation for filing an administrative charge does not have to be included in a subsequent charge alleging other discrete acts of discrimination that occurred after the first administrative charge. Accordingly, the court cannot accept Fowler's premise that he was not required to exhaust the retaliatory discharge claim when he was filing the administrative charge asserting discriminatory discharge. In any event, the issues of exhaustion of administrative remedies and timeliness, while often related, are separate questions, and Fowler has not identified any controlling law to support the notion that a party can invoke the Nealon exception, which deals with exhaustion of administrative remedies, to avoid the statutory limitations period for filing a federal lawsuit, an issue of timeliness. Compare Gilmore v. Potter, No. 4:04-CV-1264 GTE, 2006 WL 3235088, at *3 (E.D. Ark. Nov. 7, 2006) ("While claims that are like or reasonably related to claims asserted in an EEOC charge that is timely sued upon may be asserted in a judicial action based on that charge, this rule does not apply to claims that have been asserted in [a separate] EEOC charge that was not timely acted upon.") (internal quotation marks omitted)

PJG

with Jones v. Calvert Group, Ltd., 551 F.3d at 303-04 (finding that the claim asserting retaliation related back to a charge asserting a pattern of continuing retaliatory conduct by her employer).

### 2. Hostile Work Environment

Next, Fowler argues that Charge 2, which describes two acts of retaliation, "relates back" to the first charge, essentially reviving his hostile work environment claim that was asserted in Charge 1 but was not timely advanced through this litigation. This argument fails. First, nothing in Charge 2 indicates that Fowler is advancing a hostile work environment claim. On the administrative charge form, the only box checked is for retaliation and the box indicating that the alleged violation is a continuing action is *not* checked. (Charge 2, Pl.'s Mem. Opp'n Summ. J. Ex. B at 1, ECF No. 46-2 at 1.) The United States Supreme Court has made clear that acts of retaliation are discrete acts while hostile work environment claims are continuing violations. Morgan, 536 U.S. at 114. Fowler acknowledges this, stating that "[t]he discrete acts alleged in Charge #2, standing alone, may not support a claim for harassment." (Pl.'s Mem. Opp'n Summ. J. at 3-4, ECF No. 46 at 3-4.) His attempt to have the court view Charge 2 "in relation to" Charge 1 so that the acts alleged are considered "part of a chain of alleged acts" is belied both by controlling precedent and by the Charges themselves.

### RECOMMENDATION

For the foregoing reasons, the court concludes that all of the claims asserted in Fowler's Amended Complaint are barred, and therefore recommends that the defendant's motion (ECF No. 40) be granted.

September 24, 2012  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).