IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Capus Fowler, | ) | C/A No.: 3:10-cv-3230-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment litigation matter comes before the court on Plaintiff's Objection to Magistrate Judge's Report and Recommendation ("Report"). Plaintiff John Capus Fowler ("Fowler") filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, against the defendant, South Carolina Department of Corrections ("SCDC"). In her Report, the Magistrate Judge recommends that this court grant SCDC's Motion to Dismiss, or in the Alternative, for Judgment on the Pleadings. Having reviewed the entire record, including Plaintiff's Objection, the court finds that the Magistrate Judge has fairly and accurately summarized the facts and has applied the correct principles of law in her Report. Accordingly, the court adopts the Report and fully incorporates it into this order.

**I.     Factual and Procedural History**

As summarized by the Magistrate Judge, the facts of this case are as follows:

Fowler is a former correctional officer at SCDC. In 2009, Fowler filed three administrative charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The first charge, filed on January 29, 2009 ("Charge 1"), alleged race discrimination, a racially hostile work environment, and retaliation based on a reassignment to a less desirable shift. The second charge, filed on July

1

6, 2009 ("Charge 2"), asserted that the defendant retaliated against Fowler for filing Charge 1 by suspending him for two days, by temporarily withholding his paycheck, and by accusing him of policy violations. Finally, following the termination of his employment with SCDC, Fowler filed a third charge ("Charge 3") dated October 10, 2009, alleging that he was terminated both based on his race and in retaliation for engaging in protected activity. The EEOC issued right-to-sue letters on Charges 1 and 3 on August 31, 2010. A right-to-sue letter pertaining to Charge 2 was issued on September 16, 2010. Fowler, then self-represented, commenced this action on December 17, 2010.

(ECF No. 50, pp. 1–2).

SCDC filed its Motion to Dismiss or, in the Alternative, for Judgment on the Pleadings on July 13, 2012. After that motion was fully briefed, the Magistrate Judge issued her Report recommending that this court grant SCDC's motion. The Magistrate Judge concluded that all of the claims asserted in Fowler's motion were barred. Plaintiff filed objections to the Report indicating that he was "satisfied with the Magistrate's recommendation that Plaintiff's claims for discrimination (other than retaliatory discharge) and for hostile environment be dismissed." (ECF No. 51, p. 2). However, Plaintiff specifically objected to the Magistrate Judge's recommendation that his retaliatory discharge claim be dismissed.

## II.    Legal Standard

### A.    Magistrate Judge's Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the Report that have been specifically objected to, and the court is allowed to accept, reject, or modify the Report in whole or in part. *Id.*

### B. Motion to Dismiss/Judgment on the Pleadings

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated, however, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings should be granted when viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. *Tollison v. B&J Machinery Co.*, 812 F. Supp. 618, 619 (D.S.C. 1993). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6). *Independence News, Inc. v. City of Charlotte*, 568 F.3d 231, 243 (4th Cir. 1999).

### C.     Procedural Requirements for Employment Claims

In the employment discrimination context, courts have interpreted statutory requirements to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002)). "A plaintiff's EEOC charge defines the scope of [his] subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time-barred).

Additionally, Title VII provides a ninety-day limitations period within which to file suit after receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e), (f). This limitations period has been strictly enforced in this circuit. *See Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40 (4th Cir. 1993) (finding a complaint was time-barred when filed five days too late); *Harvey v. New Bern Policy Dep't*, 813 F.2d 652 (4th Cir. 1987) (finding a complaint was time-barred when filed one day too late).

## III.    Analysis

As previously mentioned, Plaintiff does not object to the Magistrate Judge's recommendation that Plaintiff's claims for discrimination and for hostile environment be dismissed. Thus, this court only focuses on Plaintiff's retaliatory discharge claim.

In her Report, the Magistrate Judge found that Fowler's retaliatory discharge claim, one of the claims raised in Charge 3, is time-barred as this suit was not filed within ninety days after Plaintiff received his right-to-sue letter on Charge 3.  Fowler objects to that finding and contends that his retaliatory discharge claim is related to Charge 2—this suit was timely filed with respect to Charge 2.  Fowler points out that the Fourth Circuit has held that a plaintiff asserting a Title VII claim of retaliation for filing a previous EEOC charge is not required to separately exhaust administrative remedies with regard to that retaliation claim.  *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992) (adopting the position of many other circuit courts that a plaintiff may raise a retaliation claim for the first time in federal court).  Though Fowler did file a claim with the EEOC regarding his retaliatory discharge and did not timely file this action after receiving a right-to-sue letter on that claim, Fowler encourages the court to find that because he was not required to administratively exhaust the claim under *Nealon*, his retaliation claim should not be time-barred.

This court disagrees with Plaintiff's reasoning, as it is based on the premise that he was not required to include his claim for retaliatory discharge when he filed Charge 3 with the EEOC.  As the Magistrate Judge articulated in her Report,

> *Nealon* permits a federal court plaintiff to assert a retaliation claim which arose after the filing of an administrative charge without separately exhausting that post-charge retaliation claim.  It does not appear to support, however, the proposition that a claim asserting retaliation for filing an administrative charge does not have to be included in a subsequent charge alleging other discrete acts of discrimination that occurred after the first administrative charge.

5

(ECF No. 50, p. 8). The Fourth Circuit has found that claims of retaliation that occur prior to a plaintiff's filing of a charge of discrimination must be administratively exhausted. *See Wilson v. Dimario*, 1998 WL 168346, at \*2 (4th Cir. 1998) (where alleged retaliation occurred two months before plaintiff filed her charge, she was required to raise that claim in her charge and could not rely on the *Nealon* exception to Title VII's exhaustion requirement). Thus, it appears that where a Title VII plaintiff files successive charges of discrimination, retaliation that predates a subsequently filed charge of discrimination must be alleged in that subsequent charge. *See Smith v. Potter*, 2010 WL 5288183, at \*10 (W.D.N.C. 2010) (where alleged retaliation occurred after plaintiff filed his first charge but before he filed subsequent charges, *Nealon* exception to exhaustion inapplicable).

This court finds that Fowler was required to raise his retaliatory discharge claim in Charge 3 when he raised his claim for discriminatory termination. Plaintiff did so, but failed to timely initiate this suit after receiving a right-to-sue letter on Charge 3. As such, Plaintiff's claim for retaliatory discharge is time-barred.

**IV. Conclusion**

For the reasons expressed above, this court hereby adopts the Magistrate Judge's recommendation that Defendant's motion be granted. Accordingly, this case is dismissed with prejudice.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

March 8, 2013                                                                 Joseph F. Anderson, Jr.
Columbia, South Carolina                                              United States District Judge